# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| ALAN JERNIGAN | § | |
| | § | |
| | § | CIVIL ACTION NO. 6:18cv320 |
| vs. | § | |
| | § | |
| | § | |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |
| | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation (ECF 19) recommends that the decision of the Commissioner be affirmed and that the complaint be dismissed with prejudice. Plaintiff filed written objections (ECF 20) on March 13, 2020.

Plaintiff's objections assert that the ALJ improperly gave reduced weight to a physical therapist's functional capacities evaluation and to Dr. Conley's physical residual functional capacity questionnaire that was based upon the physical therapist's evaluation. As set forth in the Report and Recommendation, however, the ALJ properly considered the medical opinion evidence and explained his reasoning for the weight provided to each opinion. The ALJ did not summarily reject the opinions. The ALJ reasoned that the physical therapist's findings of extreme limitations were contrary to the medical record and, instead, were based upon Plaintiff's subjective

1

complaints. Similarly, the ALJ stated that little weight was given to Dr. Conley's opinion because it imposes extreme restrictions that are contrary to Plaintiff's medical history, which includes conservative treatment. The ALJ properly considered and weighed the medical opinions and provided reasons for the weight given. *See Rollins v. Astrue*, 464 Fed.Appx. 353, 356 (5th Cir. 2012). Although Plaintiff disagrees with the ALJ's conclusion, Plaintiff has not shown that the ALJ failed to apply the correct legal standard in evaluating medical opinion evidence or that his decision is not supported by substantial evidence.

Plaintiff additionally argues that the jobs identified by the ALJ as jobs that Plaintiff can perform are inconsistent with his educational level pursuant to the Dictionary of Occupational Titles ("DOT") and the Occupational Outlook Handbook. At the administrative hearing, the vocational expert witness testified that the identified jobs are consistent with the DOT. Counsel representing Plaintiff at the hearing did not challenge that finding. The DOT documents submitted by Plaintiff with his brief only state that "no more than a high school diploma," is generally seen with entry-level workers in the identified light, unskilled jobs.[1] Plaintiff's assertion here that the DOT states that these jobs may require a high school diploma or its equivalent does not show a direct and obvious conflict. *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000). The ALJ properly relied on the vocational expert witness's testimony. *Id.*

Having made a *de novo* review of the objections filed by Plaintiff, the findings, conclusions and recommendation of the Magistrate Judge are correct and Plaintiff's objection is without merit. It is therefore

---

[1] *See* Plaintiff's Appeal from the Decision of the Commissioner of Social Security, ECF 16-1, at *2, *7.

**ORDERED** that the Plaintiff's objection is **OVERRULED** and the Report and Recommendation (ECF 19) is **ADOPTED**. The decision of the Commissioner is **AFFIRMED** and this Social Security action is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

**SIGNED** this the 17 day of **March, 2020.**

_____
Thad Heartfield
United States District Judge